1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8

9    Christopher Todd Olson,                    No. CV-12-02578-PHX-SMM (BSB)

10                        Petitioner,           **REPORT AND**
                                                **RECOMMENDATION**
11   v.

12   Charles L. Ryan, et al.,

13                        Respondents.

14

15          Christopher Todd Olson (Petitioner) has filed a timely Amended Petition for Writ

16   of Habeas Corpus raising five grounds for relief.  (Doc. 5.)  Respondents have filed an

17   Answer asserting that four of Petitioner's claims are procedurally defaulted and barred

18   from federal habeas corpus review, and that the fifth claim, while not procedurally

19   barred, lacks merit.  (Doc. 16.)  Petitioner has filed a reply arguing that his procedural

20   default should be excused and that he should prevail on the merits of his claims.

21   (Doc. 19.)  For the reasons below, the Petition should be denied.

22   **I.      Factual and Procedural Background**

23          **A.      Charges, Trial, and Sentencing**

24          In August 2009, the State of Arizona (the State) charged Petitioner with one count

25   of aggravated assault, a class two dangerous felony.  (Doc. 16, Ex. A.)  The charge arose

26   from an incident at a convenience store on June 27, 2009.  (Doc. 16, Ex. H.)  On that

27   date, Phoenix Police Officer Alfonso Flores (Officer Flores) responded to domestic

28   violence incident at the convenience store.  (*Id.* at 2-3.)  Upon Officer Flores' arrival, loss

1  prevention officers at the store advised him that Petitioner had shoplifted from the store.
2  (*Id.* at 3.) Officer Flores approached Petitioner's car and directed him to stop. Petitioner
3  drove toward Officer Flores, and he was forced to jump out of the way. (Doc. 16, Ex. H
4  at 3.) Officer Flores later realized he had been struck by the car when he noticed a
5  "stinging" in his left hand that continued to hurt "even the day after" the incident. (*Id.*)

6  On April 7, 2010, a jury in the Maricopa County Superior Court (trial court) found
7  Petitioner guilty of aggravated assault and found that the offense was a dangerous
8  offense. (Doc. 16, Ex. W at 3-4.) At his sentencing hearing, Petitioner admitted that he
9  had been convicted of four prior felonies. These convictions were for theft, a class five
10  felony, on September 3, 1985, two burglaries in the third degree, class four felonies, on
11  November 15, 1990 and March 6, 1991, and forgery, a class four felony, on October 1,
12  2002. (Doc. 16, Exs. D, Z at 13-14.) The trial court found that Petitioner had "two
13  allegeable prior felony convictions" and sentenced him to the presumptive term of 15.75
14  years' imprisonment. (Doc. 16, Exs. D at 1-2, X at 3-14.)

15  **B.  Direct Appeal**

16  Petitioner filed a timely notice of appeal on May 17, 2010. (Doc. 16, Ex. E.) In
17  his opening brief, Petitioner argued that the trial court violated his Due Process and
18  Confrontation Clause rights under the Fifth, Sixth, and Fourteenth Amendments by
19  denying a continuance of trial based on Petitioner's illness during the trial. (Doc. 16,
20  Ex. F at 7-11.) On June 23, 2011, the Arizona Court of Appeals affirmed Petitioner's
21  conviction and sentence. (Doc. 16, Ex. H.) Petitioner did not file a petition for review in
22  the Arizona Supreme Court. (Doc. 16, Ex. Q.)

23  **C.  Post-Conviction Proceeding**

24  On August 4, 2011, Petitioner filed a notice of post-conviction relief pursuant to
25  Rule 32 of the Arizona Rules of Criminal Procedure. (Doc. 16, Ex. I.) On July 16, 2012,
26  counsel filed a notice of review stating that she was "unable to find a tenable issue to
27  submit" on post-conviction review. (Doc. 16, Ex. L.) On July 3, 2012, the trial court
28  granted Petitioner leave to file a pro per petition. (Doc. 16, Ex. M.) On August 15, 2012,

Petitioner filed a petition asserting that post-conviction counsel was ineffective for failing to argue that the victim/police officer "perjured himself" at trial, and that the trial court "used priors over 10 years old" at sentencing.  (Doc. 16, Ex. N.)  The trial court denied post-conviction relief on November 15, 2012. (Doc. 16, Ex. O.)

In denying post-conviction relief, the trial court concluded that Petitioner's first claim, in which he asserted ineffective assistance of post-conviction counsel, "essentially relate[d] to the sufficiency of the evidence adduced at trial based on [Petitioner's] belief that a witness' trial testimony differs from the other evidence presented at trial." (Doc. 16, Ex. O at 2.)   The trial court noted that "[t]here is nothing other than Defendant's belief that a witness was untruthful and that there was not sufficient evidence for the jury to find Defendant guilty," and that "Defendant's belief is merely speculation."  (*Id.* at 3.)  The trial court further found that "sufficiency of the evidence is an issue for appeal, not a petition pursuant to Rule 32, Ariz. R. Crim. P. 32." (*Id.*)  Thus, the court found that Petitioner's first claim was "precluded from relief" under Rule 32 because the issue "was not raised on appeal and [w]as not properly raised" on post-conviction review.  (*Id.*)

In considering Petitioner's second claim that he was sentenced on the basis of a prior felony conviction that was over ten years old, the trial court first found that Plaintiff had admitted that he had four prior felony convictions and, therefore, under Ariz. Rev. Stat. § 13-105(22)(d) his prior convictions were properly considered at sentencing. (Doc. 16, Ex. O at 3.)  The court further found that Petitioner should have raised the sentencing issue on appeal, not on post-conviction review, and therefore that claim was precluded from relief under Rule 32.  (*Id.*)  The trial court concluded that Petitioner failed to raise a colorable claim warranting an evidentiary hearing, and denied post-conviction relief.  Petitioner did not seek review in the Arizona Court of Appeals.  (Doc. 16, Ex. P.)

### D.     Amended Petition for Writ of Habeas Corpus

In his Amended Petition for Writ of Habeas Corpus (Doc. 5), Petitioner raises the following five claims asserting that: (1) he is innocent and his conviction violates the

1    Sixth Amendment because a "DVD video of the whole scene . . . prove[s] his innocence";
2    (2) Officer Flores committed perjury in violation of Petitioner's Fourth and Sixth
3    Amendment rights; (3) counsel was ineffective in violation of the Sixth Amendment;
4    (4) Petitioner's sentence is excessive in violation of the Eighth Amendment because his
5    sentence of "15.75 years does not fit" for his conviction; and (5) Petitioner's Fourth,
6    Fifth, and Sixth Amendment rights were violated because the trial court "had trial without
7    [him] while [he] was sick."  (Doc. 5 at 6-11.)

8         Respondents assert that Grounds One through Four are procedurally defaulted and
9    barred from habeas corpus review and that Ground Five lacks merit.  (Doc. 16 at 2.)
10   Petitioner opposes Respondents' arguments.  (Doc. 19.)  As discussed below, the Petition
11   should be denied.

12   **II.    Exhaustion and Procedural Bar**

13        **A.    Limits on Federal Court Review**

14        Ordinarily, a federal court may not grant a petition for writ of habeas corpus
15   unless the petitioner has exhausted available state remedies.  28 U.S.C. § 2254(b).  To
16   exhaust state remedies, a petitioner must afford the state courts the opportunity to rule
17   upon the merits of his federal claims by "fairly presenting" them to the state's "highest"
18   court in a procedurally appropriate manner.  *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)
19   ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly
20   present' his claim in each appropriate state court  .  .  .  thereby alerting that court to the
21   federal nature of the claim"); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same).

22        "A claim has been "fairly presented" if the petitioner has described both the
23   operative facts and the federal legal theory on which his claim is based.  *Baldwin*, 541
24   U.S. at 33.  A "state prisoner does not 'fairly present' a claim to a state court if that court
25   must read beyond a petition or brief . . . that does not alert it to the presence of a federal
26   claim in order to find material, such as a lower court opinion in the case, that does so."
27   *Id.* at 31-32.  Thus, "a petitioner fairly and fully presents a claim to the state court for
28   purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the

- 4 -

proper forum, . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 at 731 32. Pursuant to these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 732, 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989).

A state procedural ruling is "independent" if the application of the bar does not depend on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*,

536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985).  A state court's application of the procedural bar is "adequate" if it is "strictly or regularly followed." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994).  If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate.  *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).  "The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." *Coleman*, 501 U.S. at 732.  Although a procedurally barred claim has been exhausted, as a matter of comity, the federal court will decline to consider the merits of that claim.  *See id*. at 729-32.

However, because the doctrine of procedural default is based on comity, not jurisdiction, federal courts retain the power to consider the merits of procedurally defaulted claims.  *See Reed v. Ross*, 468 U.S. 1, 9 (1984).  Generally, a federal court will not review the merits of a procedurally defaulted claim unless a petitioner demonstrates "cause" for the failure to properly exhaust the claim in state court and "prejudice" from the alleged constitutional violation, or shows that a "fundamental miscarriage of justice" would result if the claim were not heard on the merits.  *Coleman*, 501 U.S. at 750. Additionally, pursuant to 28 U.S.C. § 2254(b)(2), the court may dismiss plainly meritless claims regardless of whether the claim was properly exhausted in state court.  *See Rhines v. Weber*, 544 U.S. 269, 277 (2005) (holding that a stay is inappropriate in federal court to allow claims to be raised in state court if they are subject to dismissal under § 2254(b)(2) as "plainly meritless").

### B.    Procedural Bar Applied to Grounds One through Four

#### 1.    Grounds One and Two

In Ground One, Petitioner argues that a "DVD video of the whole scene" shows that he is innocent.  (Doc. 5 at 6.)  In Ground Two, Petitioner argues that Officer Flores perjured himself during trial.  (*Id.* at 7.)  Petitioner did not present these claims on direct appeal.  Rather, he presented them to the trial court on post-conviction review.  (Doc. 16, Ex. N.)  The trial court construed Petitioner's claim raised in Ground One as a sufficiency

1  of the evidence claim, and found that Rule 32.2 precluded review of the claims raised in
2  Grounds One and Two because they should have been raised on direct appeal.  (Doc. 16,
3  Ex. O); *see* Ariz. R. Crim. P. 32.2 (stating that a claim that could have been raised on
4  direct appeal is precluded from relief under Rule 32).  Petitioner did not seek review of
5  the trial court's ruling in the appellate court.  (Doc. 16, Ex. P.)

6       Because Petitioner did not present these claims to the Arizona Court of Appeals,
7  he did not properly exhaust these claims.  *See Castillo*, 399 F.3d at 998 n.3.  It would be
8  futile for Petitioner to return to state court to exhaust these claims because the deadline
9  for filing a petition for review of the trial court's denial of post-conviction relief has
10  expired.  *See* Ariz. R. Crim. P. 32.9(c) (a petition for review must be filed within thirty
11  days after the final decision of the trial court).

12       Additionally, although Petitioner presented these claims to the trial court on post-
13  conviction review, these claims are nonetheless barred from federal habeas review
14  because the state court applied an adequate and independent procedural bar to deny
15  review.  *See Wainwright v. Sykes*, 433 U.S. 72, 97 (1977) (federal court is barred from
16  considering a claim that state court denied on an adequate state-law ground independent
17  of the merits of the federal claim); *Stewart v. Smith*, 536 U.S. 856 (2002) (holding that
18  Rule 32.2 is an adequate and independent procedural bar).

19                    **2.     Grounds Three and Four**

20       In Ground Three, Petitioner argues that trial counsel Sonia Martinez (Nayeri)[1]
21  provided ineffective assistance of counsel in violation of the Sixth Amendment because
22  she "let the court[] have jury trial without [him when Petitioner] tried to get a day off
23  because [he] was sick," did not get a plea bargain for Petitioner, and "let the court[] use
24  priors over 10 years old" at sentencing.  (Doc. 5 at 9.)  Petitioner also asserts that his
25  initial post-conviction attorney, Pamela Eaton, "wasted a year of [his] time."  (*Id.*)  Eaton
26  was appointed as post-conviction counsel in September 2011.  (Doc. 16, Ex. J.)  The trial

27  _____

28       [1]   At the time of Petitioner's trial, his counsel went by the last name Nayeri.
(Doc. 16, Exs. B-D.)  She later went by the last name Martinez.  (*Id.*, Ex. E.)

court later removed her and appointed Janelle MacEachern to represent Petitioner. (Doc. 16, Ex. K.)

Petitioner did not raise these claims of ineffective assistance of trial counsel and post-conviction counsel in any state court. Although he made some allegations that post-conviction counsel MacEachern was "lazy" (Doc. 16, Ex. N, Doc. 16-1 at 118), he did not argue that trial counsel Martinez, or his initial post-conviction attorney Eaton, were ineffective on the grounds that he now asserts in his Amended Petition.[2]

Even if the Court were to construe Plaintiff's allegation that post-conviction counsel MacEachern was "lazy" as a claim of ineffective assistance of counsel, that claim is not the same as the ineffective assistance of counsel claims that he now asserts in Ground Three of the Amended Petition. Ineffective assistance of counsel claims are highly fact-dependent. *Hemmerle v. Schriro,* 495 F.3d 1069, 1075 (9th Cir. 2007). Thus, a petitioner's assertion in state court that he received ineffective assistance does not satisfy the fair presentation requirement unless the petitioner alleges ineffective assistance of counsel on the same grounds in his federal habeas petition. *See Moorman v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005) (finding that the petitioner "did not present these claims of ineffective assistance in state court, and we cannot address them on habeas review"). Because Petitioner did not present the same claims of ineffective assistance in state court that he asserts in Ground Three, he did not properly exhaust those claims.

In Ground Four, Petitioner claims that his sentence is excessive and thus violates the Eighth Amendment because it "does not fit" his conviction because "no one got hit or hurt" and "murderers get 10 to 20 years." (Doc. 5 at 9.) Petitioner did not raise this

---

[2]  Moreover, even if Petitioner's claim that post-conviction counsel Eaton was ineffective was properly exhausted and could provide a basis for § 2254 relief, he would not be entitle to relief based on his allegation that Eaton "wasted a year of [his] time." Petitioner's unsupported, conclusory allegations are not sufficient to support a claim for federal habeas relief. *See Jones v. Gomez,* 66 F.3d 199, 204-05 (9th Cir. 1995) (stating that conclusory allegations with no reference to the record or other evidence do not warrant habeas relief). Even if Eaton wasted time, Petitioner has not shown that he was prejudiced because the trial court appointed Petitioner new post-conviction counsel, and Petitioner ultimately filed a pro per petition asserting his claims for review.

claim on direct appeal or on post-conviction review.  Thus, he did not properly exhaust this claim.  Under Arizona's procedural rules, it would be futile for Petitioner to return to the state courts to present his claims asserted in Grounds Three and Four.  *See* Ariz. R. Crim. P. 32.2(a) (claims that could have been previously raised on direct appeal or previous PCR proceeding are precluded); Ariz. R. Crim. P. 32.4(a) (notice of PCR must be filed within ninety days after conviction for a pleading defendant and thirty days in all other cases).  Because no state remedies are currently available, the claims asserted in Grounds Three and Four are technically exhausted, but procedurally defaulted.  *See O'Sullivan v. Boerckel*, 526 U.S. at 838, 848 (1999) (when habeas petitioner was time-barred from presenting his claims in state court, claims were procedurally defaulted); *Coleman*, 501 U.S. at 735 n.1 (when a prisoner has failed to exhaust state remedies and is barred by procedural rules from raising the claim, "there is a procedural default for purposes of federal habeas" review); *Teague*, 489 U.S. at 297–99 (claim procedurally defaulted when it "is clear that collateral relief would be unavailable to [the] petitioner" if he returned to the state courts).

Thus, Petitioner's claims asserted in Grounds One, Two, Three, and Four are procedurally defaulted and barred from habeas corpus review unless Petitioner can show "cause and prejudice" or a "fundamental miscarriage of justice" to overcome the procedural bar.  *See Coleman*, 501 U.S. at 749-50; *Teague*, 489 U.S. at 297-98.  As discussed in Section II(C)(1)(a)-(c), Petitioner has not provided a basis to overcome the procedural bar.

## C.    Cause and Prejudice

To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules.  *Teague*, 489 U.S. at 298.  A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause.  *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Prejudice" is actual harm resulting from the constitutional violation or error.

1    *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984).  To establish prejudice, a

2    habeas petitioner bears the burden of demonstrating that the alleged constitutional

3    violation "worked to his actual and substantial disadvantage, infecting his entire trial with

4    error of constitutional dimensions."  *United States v. Frady*, 456 U.S. 152, 170 (1982)

5    (emphasis in original); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If

6    petitioner fails to establish cause for his procedural default, then the court need not

7    consider whether petitioner has shown actual prejudice resulting from the alleged

8    constitutional violations.  *Smith v. Murray*, 477 U.S. 527, 533 (1986).

9                              **1.      Ineffective Assistance of Post-Conviction Counsel**

10         To establish "cause" to overcome the procedural bar of his claims, Petitioner

11   argues that he was denied the effective assistance of counsel on post-conviction review.

12   (Doc. 19 at 5-7.)  Petitioner relies on the Supreme Court's decision in *Martinez v. Ryan*,

13   ___ U.S. ___, 132 S. Ct. 1309, 1315 (2012), which held that the ineffective assistance of

14   post-conviction counsel, while not stating a constitutional claim itself, can be a sufficient

15   equitable reason, or a "cause," to excuse defaulted claims of ineffective assistance of trial

16   counsel when a post-conviction proceeding represents the first opportunity under state

17   law for a petitioner to raise claims of ineffective assistance of trial counsel.

18         Thus, under *Martinez,* the procedural default may be excused if there is "cause"

19   for the default.  The Court in *Martinez* established a four-part test to determine whether

20   the ineffective assistance of post-conviction counsel will excuse the procedural default of

21   a claim of ineffective assistance of trial counsel.  "Cause" is established under *Martinez*

22   when:

23            (1) the claim of "ineffective assistance of trial counsel" was a
              "substantial" claim; (2) the "cause" consisted of there being
24            "no counsel" or only "ineffective" counsel during the state
              collateral review proceeding; (3) the state collateral review
25            proceeding was the "initial" review proceeding in respect to
              the   "ineffective-assistance-of-trial-counsel   claim";   and
26            (4) state law requires that an "ineffective assistance of trial
              counsel [claim] . . . be raised in an initial-review collateral
27            review proceeding.

28   *Trevino v. Thaler*, __U.S.__, 133 S. Ct. 1911, 1918 (2013) (alterations in original).

Because *Martinez* applies only to defaulted ineffective assistance of counsel claims, it is potentially applicable only to Petitioner's claim of ineffective assistance of trial counsel asserted in Ground Three. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (holding that "the *Martinez* standard for cause applies to all Sixth Amendment ineffective-assistance claims, both to trial and appellate, that have been procedurally defaulted by ineffective counsel in the initial-review state-court collateral proceeding."). As discussed below, Petitioner has not established cause under *Martinez*.

### 2.   *Martinez* Analysis of Ground Three

Under the *Martinez* test, Petitioner must first show a "substantial" underlying ineffective assistance of trial counsel claim. A "substantial" claim is a claim that "has some merit." *Martinez*, 132 S. Ct. at 1318. Similar to the standard for issuing a certificate of appealability, "substantially" requires the petitioner to demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Detrich v. Ryan*, 740 F.3d 1237, 1245 (9th Cir. 2013) (internal quotations omitted).

Whether Petitioner's claims of ineffective assistance are analyzed on the merits, or for substantiality under the first prong of *Martinez*, the result is the same: Petitioner's claims have no substantial merit. To prevail on a claim of ineffective assistance of counsel, Petitioner must (1) show that counsel's performance fell below objective standards of reasonableness and was "outside the wide range of professionally competent assistance," and (2) establish that counsel's performance prejudiced him by creating "a reasonable probability that absent the errors the fact finder would have had a reasonable doubt respecting guilt." *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).

In Ground Three, Petitioner argues that trial counsel was ineffective for "let[ting]" the court proceed with the jury trial in Petitioner's absence. As discussed below in Section III(B), the trial court did not err in continuing trial when Petitioner absented himself due to an illness. Accordingly, any objection to the court's decision to proceed in

Petitioner's absence would have been futile.  Failure to take futile action does not constitute deficient performance.  *See Rupe v. Wood*, 93 F.3d 1434, 1445 (9th Cir. 1996); *Sexton v. Cozner*, 679 F.3d 1150, 1157 (9th Cir. 2012).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982).  Accordingly, Petitioner does not have a substantial claim that he was prejudiced by trial counsel's alleged error in failing to object to the trial proceeding in his absence, and *Martinez* does not excuse his default of that ineffective assistance of counsel claim.

Petitioner also claims that trial counsel was ineffective for failing to obtain a plea bargain.  The negotiation of a plea bargain is "'a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel.'" *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399, 1406 (2012) (quoting *Padilla v. Kentucky*, 559 U.S. ___ 356, ___, (2010)).  If counsel has misadvised a defendant about the law during a plea negotiation, or improperly coerced a defendant to accept a plea bargain, counsel's performance may be found deficient.  *See Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1384 (2012) (counsel's erroneous legal advice about possibility of conviction that led to rejection of plea offer constituted deficient performance).  Additionally, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Id.* at 1387.

To show prejudice from ineffective assistance of counsel "where a plea offer has lapsed or been rejected because of counsel's deficient performance, [a petitioner] must demonstrate a reasonable probability" that (1) he "would have accepted the earlier plea offer," and (2) "the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law." *Frye*, 132 S. Ct. at 1409.  Here, while Petitioner argues that trial counsel was ineffective for failing to obtain a plea bargain, he does not allege that a plea was offered, that counsel failed to communicate a plea offer, or that counsel gave him erroneous advice about any particular plea offer.  (Doc. 5 at 9.)  Petitioner's "conclusory

suggestions that his trial . . . counsel provided ineffective assistance fall far short of stating a valid claim of constitutional violation." *See Jones*, 66 F.3d at 205.

Finally, Petitioner asserts that trial counsel was ineffective for failing to object to the court's use of prior convictions that were over ten years old.  As the post-conviction court found, Petitioner admitted that he had four prior felony convictions at the time of sentencing.  (Doc. 16, Ex. X at 3-14.)   Thus, he was sentenced under Ariz. Rev. Stat. § 13-105(22)(d), which defines "historical prior felony conviction" to include "[a]ny felony conviction that is a third or more prior felony conviction," without regard to the date of those convictions.

Because Petitioner had four prior felony convictions, the trial court correctly assessed Petitioner with two historical prior felonies.  *See State v. Provenzino*, 212 P.3d 56, 58 n.4 (Ariz. Ct. App. 2009) (noting that the definition of a historical prior felony conviction includes any felony conviction that is a third or more prior felony conviction).  Thus, the trial court properly considered Petitioner's third and fourth prior convictions, even though they otherwise would have been too old to be considered as prior historical felonies under other subsections of the statute.  *See* Ariz. Rev. Stat. § 13-105(22)(b) and (c).  Thus, trial counsel was not ineffective for failing to object to Petitioner's sentence on that basis and Petitioner has not presented a substantial claim of ineffective assistance of counsel.

Accordingly, the ineffective assistance of post-conviction counsel does not excuse Petitioner's procedural default of his claims of ineffective assistance of trial counsel.  Because Petitioner's ineffective assistance of counsel claims in Ground Three do not satisfy the first prong of the *Martinez* test, the Court does not address the remaining prongs of the test.

### 3.    Other Grounds for Cause

Petitioner also argues "cause" based on his lack of legal knowledge and his limited access to legal materials as an inmate.  (Doc. 19 at 8.)   Petitioner's lack of legal knowledge, status as an inmate, and limited legal resources do not constitute cause to

1    excuse the procedural bar.  *See Hughes v. Idaho State Bd. of Corr.*, 800 F.2d 905, 909

2    (9th Cir. 1986) (an illiterate pro se petitioner's lack of legal assistance did not amount to

3    cause to excuse a procedural default); *Tacho v. Martinez*, 862 F.2d 1376, 1381 (9th Cir.

4    1988) (petitioner's arguments concerning his mental health and reliance upon jailhouse

5    lawyers did not constitute cause).

6         Petitioner further argues that his "legal materials" were "lost or confiscated by

7    property room staff," and that he submitted a "petition for review form" to Arizona

8    Department of Corrections (ADC) staff for copying but it "was never returned."  (Doc. 17

9    at 8, 15.)  Petitioner, however, does not identify what legal materials were allegedly lost

10   or confiscated, when they were lost or confiscated, or identify how he was prevented

11   from asserting claims because of the alleged loss of his legal materials.  Thus, Petitioner

12   has not met his burden of showing that the loss of his legal materials was the cause of his

13   failure to properly exhaust his claims in the state court.  *See Miller v. Marr*, 141 F.3d 976,

14   978 (10th Cir. 1998) (holding that to overcome procedural default based on claim of

15   limited access to legal materials, a petitioner must provide "specificity regarding the

16   alleged lack of access and the steps he took to diligently pursue his claims.").

17        Additionally, even assuming that Petitioner did not receive the requested copies of

18   his petition for review from ADC staff, Petitioner does not indicate that he inquired about

19   the status of those copies or otherwise followed-up regarding the copies of his petition for

20   review.  *See Miller*, 141 F.3d at 879.  Again, Petitioner has not met his burden of showing

21   that the ADC's failure to provide him with copies of his petition for review "impeded his

22   efforts to comply with the State's procedural rules."  *See Teague*, 489 U.S. at 298; *Banes*

23   *v. Schriro*, 2008 WL 2668943, at *17 (D. Ariz. Jul. 1, 2008) (concluding that petitioner's

24   lack of legal education, lack of legal assistance, and intermittent lack of access to legal

25   papers did not constitute cause to excuse procedural default.)

26        Because Petitioner offers no legitimate "cause" that precluded him from properly

27   exhausting his state remedies, the Court need not consider whether he suffered any

28   prejudice.  *See Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Smith v. Murray*, 477 U.S.

1    527, 533 (1986) (when petitioner fails to establish cause for his procedural default, the

2    court need not consider whether he has shown actual prejudice resulting from the alleged

3    violation).

4    **D.    Fundamental Miscarriage of Justice**

5    Liberally construing the Amended Petition, Petitioner argues that if the Court

6    applies the procedural bar and does not reach the merits of his claim there would be a

7    "fundamental miscarriage of justice."   (Doc. 5 at 6.)   To establish a fundamental

8    miscarriage of justice, a petitioner must present "new reliable evidence — whether it be

9    exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

10   evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner bears

11   the burden of demonstrating that "in light of all the evidence, including evidence not

12   introduced at trial, it is more likely than not that no reasonable juror would have found

13   [him] guilty beyond a reasonable doubt." *Id.* at 327; *see also House v. Bell*, 547 U.S.

14   518, 539 (2006).

15   Petitioner has not presented new reliable evidence that satisfies this standard.

16   Petitioner argues that a "DVD video" of the incident establishes that he did not hit

17   Officer Flores and, therefore, he is innocent.   (*Id.*)   He further contends that Officer

18   Flores "lied." (*Id.*)   The DVD is not "new" evidence because it was available at trial and

19   was shown to the jury.  (Doc. 16, Ex. U at 11-14; Ex. C.)  Plaintiff's allegation that

20   Officer Flores lied is also not new evidence.  A habeas proceeding is not a proper forum

21   in which to re-litigate a case that has already been tried.   "When confronted with a

22   challenge based on trial evidence, courts presume the jury resolved evidentiary disputes

23   reasonably so long as sufficient evidence supports the verdict." *House*, 547 U.S. at 539.

24   A persuasive claim of actual innocence must be based on new evidence that was not

25   presented to the jury, and that is so compelling that the reviewing court concludes that it

26   is probable that no rational juror would vote to convict the defendant. *See id.* at 538-39.

27   Petitioner has not offered that type of evidence and therefore has not established that the

28   miscarriage of justice exception applies in this case.

1   **III.    Ground Five – Petitioner's Sixth Amendment Claim**

2          Respondents concede that that Petitioner properly exhausted his claim in Ground

3   Five.  (Doc. 16 at 13.)  Accordingly, the Court considers the merits of Petitioner's claim

4   that the trial court violated his Sixth Amendment rights by conducting trial in his

5   absence.

6          **A.     Standard of Review**

7          If the petition includes a claim that was "adjudicated on the merits on State court

8   proceedings," § 2254(d) limits the federal court's review.  Section 2254(d)(1) provides

9   that a federal court cannot grant habeas relief unless the petitioner shows: (1) that the

10  state court's decision "was contrary to" federal law as clearly established in the holdings

11  of the United States Supreme Court at the time of the state court decision, *Greene v.*

12  *Fisher,* __ U.S.__, 132 S. Ct. 38, 43 (2011); or (2) that it "involved an unreasonable

13  application of" such law, § 2254(d)(1); or (3) that it "was based on an unreasonable

14  determination of the facts" considering the record before the state court.  28 U.S.C.

15  § 2254(d)(2); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011).  This

16  standard is "difficult to meet."  *Id.* at 786.  It is also a "highly deferential standard for

17  evaluating state court rulings, which demands that state court decisions be given the

18  benefit of the doubt."  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)

19  (citation and internal quotation marks omitted).

20         To determine whether a state court ruling was "contrary to" or involved an

21  "unreasonable application" of federal law, courts look exclusively to the holdings of the

22  Supreme Court that existed at the time of the state court's decision.  *Greene*, 132 S. Ct. at

23  44.  A state court's decision is "contrary to" federal law if it applies a rule of law "that

24  contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of

25  facts that are materially indistinguishable from a decision of [the Supreme Court] and

26  nevertheless arrives at a result different from [Supreme Court] precedent."  *Mitchell v.*

27  *Esparza*, 540 U.S 12, 14 (2003) (citations omitted).

28

1   A state court decision is an "unreasonable application of" federal law if the court

2   identifies the correct legal rule, but unreasonably applies that rule to the facts of a

3   particular case. *Brown v. Payton*, 544 U.S. 133, 141 (2005). "A state court's

4   determination that a claim lacks merit precludes federal habeas relief so long as

5   'fairminded jurists could disagree on the correctness of the state court's decision.'"

6   *Richter*, 562 U.S.___, 131 S. Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S. 652,

7   664 (2004)). "[E]valuating whether a rule application was unreasonable requires

8   considering the rule's specificity. The more general the rule, the more leeway courts

9   have in reaching outcomes in case-by-case determination." *Id.*

10      **B.      Petitioner's Rights Under the Confrontation Clause**

11      The Sixth Amendment's Confrontation Clause was made applicable to the states

12   through the Due Process Clause of the Fourteenth Amendment. *Melendez Diaz v.*

13   *Massachusetts*, 557 U.S. 305, 309 (2009) (citing *Pointer v. Texas*, 380 U.S. 400, 403

14   (1965)). The Confrontation Clause protects a defendant from unreliable hearsay evidence

15   being presented against him during trial. *See* U.S. Const. Amend. VI. The Confrontation

16   Clause provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . .

17   to be confronted with the witnesses against him." *Id.* The Confrontation Clause

18   "provides two types of protections for a criminal defendant: the right to physically face

19   those who testify against him, and the right to conduct cross-examination." *Pennsylvania*

20   *v. Ritchie*, 480 U.S. 39, 51 (1987). "One of the most basic of the rights guaranteed by the

21   Confrontation Clause is the accused's right to be present in the courtroom at every stage

22   of trial." *Illinois v. Allen*, 397 U.S. 337, 338 (1970) (citing *Lewis v. United States*, 146

23   U.S. 370 (1892)).

24      This right, however, is not absolute. The Supreme Court has held that a defendant

25   may lose his right to personally confront witnesses "by consent or at times even by

26   misconduct." *Snyder v. Massachusetts*, 290 U.S. 97, 106 (1934). A defendant can

27   constitutionally waive his presence. *See Taylor v. United States*, 414 U.S. 17, 20 (1973)

28   (upholding the constitutionality of Fed. R. Crim. P. 43, which provides that a defendant's

1    voluntary absence will not prevent trial from proceeding); *Allen*, 397 U.S. at 343 (holding

2    that a defendant can lose his right to be present at trial by engaging in disruptive behavior

3    in the courtroom).  "[A] voluntary absence constitutes an effective waiver of the right to

4    be present at trial."  *United States v. Bass*, 40 M.J. 220, 222 (Ct. Military App. 1994)

5    (citing *United States v. Crosby*, 506 U.S. 255, 258-62 (1993)).  In *Crosby*, the Supreme

6    Court held that an effective waiver of the right to be present at trial, one that is knowing

7    and voluntary, is made when the defendant is intentionally absent once trial has begun.

8    506 U.S. at 260-61.

9          Here, on post-conviction review, the Arizona Court of Appeals recognized that a

10   defendant "may voluntarily relinquish the right to attend trial," and that "the finding of

11   voluntary absence, and, therefore, the existence of a waiver of the right to be present, is

12   basically a question of fact."  (Doc. 16, Ex. H at 6.)  In concluding that Petitioner "failed

13   to meet his burden of proving that his absence was involuntary," the court explained that:

> Although [Petitioner] informed the trial court that he was
> feeling ill and stated he had a temperature of 103 degrees, he
> did not substantiate this claim with any evidence.  Nor did
> [Petitioner] or his attorney assert that he was unable to
> participate in the proceedings or otherwise assist his attorney.
> Even though the record supports an inference that [his]
> appearance or demeanor suggested that his health was
> impaired (otherwise, the court would not have ordered him to
> submit to a drug test), we will not presume from this sparse
> record that any illness from which he may have been
> suffering was so substantial that he was compelled to forego
> his right to be present.  We further note that [Petitioner's]
> attorney did not join in [his] request for a continuance, and
> neither [Petitioner] nor his counsel objected to the trial
> proceeding in his absence.  Finally, [Petitioner] never
> subsequently requested a hearing to determine whether his
> temporary absence from trial was involuntary.

23   (*Id.* at 7.)

24         The Arizona Court of Appeals' adjudication of Petitioner's Sixth Amendment

25   claim was not contrary to, or an unreasonable application of, clearly established federal

26   law.  Consistent with the governing federal law, the court held that Petitioner voluntarily

27   absented himself from trial, and that by doing so, he effectively waived his Sixth

28   Amendment right to be present.  The court's decision was also based on a reasonable

determination of the facts.  The record reflects that neither Petitioner nor his attorney objected to the trial proceeding in his absence.  (Doc. 16, Ex. S at 4–6.)  Moreover, when the trial court asked Petitioner if he "want[ed] to go home for today and allow the trial to go on in [his] absence," he replied, "Yes ma'am."  (*Id.* at 6–7.)  Petitioner explained that he would "like to go home" to "get better" and to avoid "spread[ing] a cold around because it's pressure, it's a head and chest thing."  (*Id.* at 5.)  Later that afternoon, the trial court specifically found that Petitioner's absence was voluntary.  (*Id.* at 64–65.)  The Arizona Court of Appeals reasonably applied the law to these facts in holding that the trial court did not abuse its discretion by denying Petitioner's request for a continuance and finding that Petitioner voluntarily waived his right to be present.

Therefore, the Court concludes that Petitioner has not shown that the Arizona Court of Appeals' rejection of his claim was "contrary to, or involved an unreasonable application" of federal law established by the Supreme Court, or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  *See* 28 U.S.C. § 2254(d)(1) and (2).

**IV.   Conclusion**

Because Grounds One through Four of the Amended Petition are procedurally barred, and Ground Five fails on the merits, the Amended Petition should be denied and dismissed.

Accordingly,

**IT IS RECOMMENDED** that the Amended Petition for Writ of Habeas Corpus (Doc. 5) be **DENIED and DISMISSED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of Grounds One, Two, Three and Four of the Amended Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right in Ground Five.

1    This recommendation is not an order that is immediately appealable to the Ninth

2    Circuit Court of Appeals.  Any notice of appeal pursuant to Federal Rule of Appellate

3    Procedure 4(a)(1), should not be filed until entry of the District Court's judgment.  The

4    parties have fourteen days from the date of service of a copy of this recommendation

5    within which to file specific written objections with the Court.  *See* 28

6    U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72.  Thereafter, the parties have fourteen days

7    within which to file a response to the objections.  Failure to file timely objections to the

8    Magistrate Judge's Report and Recommendation may result in the District Court's

9    acceptance of the Report and Recommendation without further review.  *See United States*

10   *v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure to file timely objections to

11   any factual determination of the Magistrate Judge may be considered a waiver of a

12   party's right to appellate review of the findings of fact in an order or judgment entered

13   pursuant to the Magistrate Judge's recommendation.  *See* Fed. R. Civ. P. 72.

14           Dated this 1st day of April, 2014.

15

16

17   _____

18                  Bridget S. Bade
                United States Magistrate Judge
19

20

21

22

23

24

25

26

27

28